IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICKY B. MOOREFIELD, )<br>)<br>Petitioner )<br>)<br>vs. )<br>)<br>JAMES L. GRACE, Superintendent, )<br>THE DISTRICT ATTORNEY OF ALLEGHENY )<br>COUNTY, and THE PENNSYLVANIA )<br>ATTORNEY GENERAL )<br>)<br>Respondents ) | Civil Action No. 06-541<br><br>Judge Terence F. McVerry/<br>Magistrate Judge Amy Reynolds Hay<br><br>Dkt. [23] |

## **MEMORANDUM ORDER**

The above-captioned Petition was received by the Clerk of Court on April 25, 2006, and was referred to United States Magistrate Judge Amy Reynolds Hay for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

The magistrate judge's Report and Recommendation (Dkt. No. [18]), filed on February 26, 2007, recommended that the Petition for Writ of Habeas Corpus be dismissed, and that a certificate of appealability be denied. Service was made on the Petitioner via first class mail at SCI-Huntingdon at 1100 Pike Street, Huntingdon, PA. 16654-1112. Service was made on the respondents' counsel electronically. The parties were informed that in accordance with the Magistrate Judges Act, 28 U.S.C.§ 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, that they had ten (10) days to file any objections to the report. On March 19, 2007, Petitioner executed objections, Dkt. [19-1] at 12, which were received by the Clerk's office on March 22, 2007. These objections may have been untimely. Nevertheless, the court entered an order on March 26, 2007, adopting the report, Dkt. [22], albeit without referencing the

objections. Petitioner then filed a motion for reconsideration, Dkt. [23], noting that the order failed to mention the objections.

Petitioner's motion for reconsideration is **GRANTED** and the court will reconsider its decision in light of the objections filed.

Only one of those objections bears any specific mention. Petitioner raised a claim that trial counsel was ineffective for failing to stop the prosecution from presenting to the jury a conspiracy theory in order to convict the Petitioner, since no conspiracy was charged in any indictment. Dkt. [17-1] at 5 - 6, ¶ 6. As the report noted

> Petitioner next raises a claim that trial counsel was ineffective for failing to stop the prosecution from presenting to the jury a conspiracy theory in order to convict the Petitioner, since no conspiracy was charged in any indictment. Doc. 17-1 at 5 - 6, ¶ 6. The Superior Court found this issue to have been waived because Petitioner did not cite to any portion of the record that showed that the prosecution did in fact present any conspiracy theory to the jury. Doc. 17-1 at 49. As a corollary, the Superior Court found that "Appellant cites no evidence in the record for this proposition[, i.e., he was convicted under a conspiracy theory]. To the contrary, the record reflects that Appellant was not convicted under a conspiracy theory." Doc. 17-1 at 47, n.7. In light of this finding that the record reflects that Petitioner was not convicted under a conspiracy theory, Petitioner's trial counsel cannot be ineffective for failing to raise a nonmeritorious objection to a non-existent conspiracy theory. Werts, 288 F.3d 203.
> Alternatively, this court finds that, in light of the overwhelming evidence of his guilt that he actually shot the victim, even if this court assumed that trial counsel was ineffective for failing to raise such an objection to the alleged conspiracy theory, Petitioner cannot establish prejudice on this record.

Dkt. [18] at 13.

Petitioner objected to this disposition, in part, based on the fact that the Magistrate Judge did not have or review the trial transcript because the Commonwealth had not provided one. See Dkt. [19-1] at 10. The fact that the Respondents had not provided the trial transcript was noted in the Report. Dkt. [18] at 2 n.1. Petitioner himself provided a copy of the trial transcript after the report was filed. Dkt. [20].

In his objections, much like he did before the State Superior Court, Petitioner fails to cite where in the trial record there is evidence that the prosecution presented a conspiracy theory to the jury. This court is not required to comb through the extensive trial record to find such evidence, if indeed there be any. Adams v. Armontrout, 897 F.2d 332, 333 (8th Cir. 1990)("We do not believe that 28 U.S.C. § 2254 or the Section 2254 Rules require the federal courts to review the entire state court record of habeas corpus petitioners to ascertain whether facts exist which support relief. Requiring such an exhaustive factual review of entire state court records would pose an insuperable burden on already strained judicial resources. We join the numerous federal courts which have repeatedly expressed their unwillingness to sift through voluminous documents filed by habeas corpus petitioners in order to divine the grounds or facts which allegedly warrant relief."); Wenglikowski v. Jones, 306 F.Supp.2d 688, 695 (E.D. Mich. 2004)("Furthermore, the petitioner's failure to isolate specific portions of the transcript indicating the trial judge's alleged bias is fatal to his claim. It is not the role of the district court to scour the petitioner's trial transcript to find support for the arguments in his habeas corpus petition. *Cf. In re Morris*, 260 F.3d 654, 665 (6th Cir. 2001) (holding that the trial court is under no obligation to search the record to protect a non-moving party from summary judgment)."), *aff'd on other grounds*, 162 Fed.Appx. 582 (6th Cir. 2006).[1]

Notwithstanding this, this court did review the opening and closing remarks of the defense and prosecution. No reference to a conspiracy was made by the prosecution. The prosecution only referenced a "plan" indicating that Petitioner made a plan to kill the victim, not

---

[1] The District Court in Wenglikowski found that the State Court's adjudication was contrary to clearly established United States Supreme Court precedent but denied relief finding the error to be harmless. The Sixth Circuit Court found that the State Court's adjudication was not contrary to clearly established Supreme Court precedent and hence, affirmed on that ground. The Sixth Circuit's action did nothing to undermine the principle that federal courts sitting in habeas have no obligation to scour the state court records to find support for habeas petitioners.

that he conspired with anyone to kill the victim. The only reference to "conspiracy" this court found was in the closing argument of the defense counsel. See e.g. Dkt. [20-2] at 30 (p. 330 of the transcript, line 25; page 331 of the transcript, line 8)(which conflated "plan" with "conspiracy"). The prosecution's reference to a "plan" was not a reference to a conspiracy; it was, when read in context, a reference to the fact that Petitioner premeditated the killing and, so, was guilty of first degree murder. It appears that no conspiracy theory of guilt was presented to the jury by the prosecution. Hence, this issue fails because Petitioner failed to carry his burden to show that a conspiracy theory was presented to the jury. Thus, trial counsel could not be ineffective for failing to raise a meritless objection to a non-existent theory. Werts v. Vaughn, 228 F.3d 178, 203 (3d Cir. 2000) ("counsel cannot be ineffective for failing to raise a meritless claim."). Furthermore, the report was correct in its alternative rationale, i.e., even if such a theory were presented, Petitioner's present claim that defense counsel was ineffective for failing to object to such a theory, would not provide relief because, on this record, Petitioner cannot demonstrate prejudice from such a failure.

None of the remaining objections bears any further mention as the report adequately addressed the claims, and the objections do not undermine confidence in the report's analysis.

After de novo review of the pleadings and the documents in the case, together with the Report and Recommendation, and the objections, the following order is entered:

AND NOW, this 5th day of APRIL, 2007;

**IT IS HEREBY ORDERED** that the Motion for Reconsideration is **GRANTED** and the order (Dkt. [22]) granting judgment in favor of Respondents is **VACATED**.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus is again **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is again **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Dkt. [18]) of Magistrate Judge Hay, filed February 26, 2007, is again adopted as the opinion of the court as supplemented by this memorandum opinion and order.

Terrence F. McVerry
United States District Court Judge

cc: The Honorable Amy Reynolds Hay
United States Magistrate Judge

Ricky B. Moorefield
ED-4229
SCI Huntingdon
1100 Pike Street
Huntingdon, PA 16654-1112

Rebecca D. Spangler, Esquire by Notice of Electronic Filing